CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 12 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON LEE SMITH, ) | MEMORANDUM OPINION |
| ) | |
| Petitioner, ) | |
| ) | CASE NO. 7:11CV00359 |
| v. ) | |
| ) | |
| DIRECTOR OF THE DEPARTMENT ) | |
| OF CORRECTIONS, ) | By: Glen E. Conrad |
| ) | Chief United States District Judge |
| Respondent. ) | |

Jason Lee Smith, a former Virginia inmate proceeding pro se,[1] filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Smith challenged the validity of his confinement pursuant to the 2007 judgment of the Circuit Court of Pittsylvania County convicting him of a habitual offender violation and related charges. Respondent filed a motion to dismiss, and Smith responded, making the matter ripe for disposition. After a review of the record, the court grants the motion to dismiss Smith's claims as untimely filed and procedurally defaulted.

I

After a bench trial on September 25, 2007, the Circuit Court of Pittsylvania County found Smith guilty of being an habitual offender, second or subsequent offense; unauthorized use of a vehicle, and eluding police. (Case Nos. CR070005153-00 through CR07000515-00.) After a sentencing hearing on October 24, 2007, the Court imposed a 5-year sentence for the habitual offender violation; a 5-year sentence for unauthorized use; and 12 months for eluding the police. The Court suspended the sentences for unauthorized use and eluding, for an active term of five years in prison. Final judgment entered on October 25, 2007.

---

[1] Some months after filing his federal habeas petition, Smith notified the court that he had been released from prison. Because he has suspended sentences, however, his petition is not moot.

Smith appealed, by counsel, arguing that the evidence was not sufficient to support his convictions. The Court of Appeals of Virginia denied Smith's petition for appeal by order dated July 16, 2008. (Record No. 2626-07-3.) Smith's appeal on the same issues to the Supreme Court of Virginia was denied by order dated November 7, 2008. (Record No. 081395.)

On June 9, 2010, Smith executed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia. The Court found Smith's petition to be time-barred under Virginia Code § 8.01-654(A)(2), the state habeas corpus statute of limitations, summarily dismissed the petition by order dated August 4, 2010, and denied Smith's petition for rehearing on September 22, 2010. (Record No. 101260.)

In his § 2254 petition, Smith appears to raise the following allegations:

1. The Commonwealth knowingly used perjured testimony at trial, and counsel failed to report witness recantations and expose co-conspirators and perjuries.

2. Counsel provided ineffective assistance of counsel at trial and on appeal. Counsel committed malpractice, and was vindictive as he turned into a second prosecutor for the State. Counsel failed to point out perjured testimony or object to highly prejudicial materials throughout the trial. Counsel failed to respond to the petitioner by mail. Counsel knew the crimes had not occurred. Counsel failed to prevent a conspiracy or the furtherance of one, and abandoned his client while he was in dire need.

2

3. The prosecutor committed misconduct to obtain the convictions, and the sentence constituted cruel and unusual punishment and exceeded the statutory maximum sentence.[2] Outrageous judicial conduct allowed this malicious prosecution, resulting in false imprisonment and caused the petitioner severe emotional distress for the duration of his false imprisonment.

4. The petitioner's conviction on all three charged offenses is illegal and is contrary to law, due to a bad faith abuse of process. The Commonwealth used perjured testimony to secure the convictions and to falsely imprison the petitioner for a non-criminal, emergency act.

## II

### A. Statute of Limitations

Habeas petitions filed under § 2254 are subject to a one-year period of limitation that begins to run on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Although respondent argued that all of Smith's § 2254 claims were procedurally defaulted and untimely filed, counsel for respondent conceded that Smith's sentence for the misdemeanor eluding the police charge exceeded the statutory maximum under Va. Code Ann. § 46.2-817 and brought this jurisdictional error to the attention of the Circuit Court. Because online court records indicate that the Court entered an order of correction on November 23, 2011, regarding Smith's sentence on the eluding the police offense, Smith's habeas claim challenging the original sentence for this offense is moot.

3

28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final when the petitioner has exhausted his opportunities to seek direct review. See 28 U.S.C. § 2244(d)(1)(A).

Smith's direct appeal to the Supreme Court of Virginia was completed on November 7, 2008. His convictions became final on February 5, 2009, when the 90-day period for him to file a petition for a writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13(1). One year later, on February 8, 2010, Smith's opportunity to file a timely § 2254 petition expired. Smith did not execute his federal habeas petition until July 19, 2011.[3] Thus, unless a statutory tolling provision or equitable tolling principle applies to Smith's petition, it is untimely filed under § 2244(d)(1)(A).[4]

B. Tolling Issues

Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." "[An] application is 'properly filed' [for purposes of tolling under § 2244(d)(2)] when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," which includes the "prescribe[ed] form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Smith's state habeas corpus petition did not toll the filing period under § 2244(d)(2) for two reasons.

---

[3] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2254 Cases; Houston v. Lack, 487 U.S. 266 (1988). For purposes of this timeliness analysis, the court has used the date on which Smith executed his initial § 2254 petition, which the court summarily dismissed, but later reinstated. Smith's current § 2254 petition was executed on October 6, 2011.

[4] Smith does not allege facts indicating that he would be entitled to have his statutory filing period calculated under any of the other subdivisions of § 2244(d)(1).

4

First, Smith did not file the state petition until June 2010, four months after his federal filing period had expired. Thus, this petition did not toll the federal limitations clock. See, e.g., Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (finding that tolling provision may not revive a limitations period that has already expired).

Second, because the Supreme Court of Virginia dismissed Smith's state petition as untimely under state law, his state petition was not "properly filed" for purposes of tolling under § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005) (finding that state habeas petition dismissed as untimely under state statute of limitations was not "properly filed" for purposes of tolling under § 2244(d)(2)). For this reason also, the pendency of Smith's state petition did not affect the running of the federal filing period.

Equitable tolling is only available in federal habeas where the petitioner shows: (1) he pursued his rights with reasonable diligence; and (2) some extraordinary circumstance prevented him from timely filing his habeas petition. See Holland v. Florida, __U.S.__,130 S. Ct. 2549, 2562 (2010). Only in those "rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result" is equitable tolling warranted. Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008).

Smith alleges that equitable tolling should apply because of the actions of his appellate counsel and the Clerk of the Supreme Court of Virginia hampered his ability to file a timely state habeas petition. After Smith's attorney had submitted an appellate brief in the case, Smith attempted to submit a pro se appeal petition in August 2008. The Clerk wrote to Smith on August 12, 2008, stating:

> This will acknowledge receipt of your pro se petition for appeal in the above case. Since you are represented by counsel, who has already filed a petition for appeal

5

> on your behalf, any arguments and issues relating to your appeal should be raised
> by him. In the future, you should communicate **directly** with your lawyer.

(Letter from Clerk, Supreme Court of Virginia, August 12, 2008) (emphasis in original) Smith then wrote to the Clerk on August 14, 2008, asking the court to consider his pro se appeal petition and stating his willingness to fire his attorney and proceed pro se with the appeal. The Supreme Court of Virginia entered an order on September 5, 2008, denying Smith's request to file a pro se appeal petition, and on November 7, 2008, denied the appeal.

Smith claims that his appellate counsel failed to notify him that the Supreme Court of Virginia had denied his appeal. On May 20, 2010, Smith sent the Supreme Court of Virginia a pro se pleading asserting that his convictions and sentences were invalid for various reasons. The Clerk construed the submission as an inquiry about the status of Smith's case, and wrote back, informing Smith that the record had been returned to the Circuit Court. Smith wrote another letter, dated May 23, 2010, expressly asking whether the Court had decided his habeas petition. Smith stated that he had received no legal mail in 18 months and claimed vaguely that he had written to counsel about the appeal several times, but had received no response. The Clerk wrote back on May 26, 2010, providing Smith with a copy of the November 7, 2008 order refusing his petition for appeal.

The court cannot find that Smith has stated facts on which he is entitled to equitable tolling. Smith clearly knew the address of the Supreme Court of Virginia, as he had written to the Court at least twice before his appeal was decided. The Clerk's letter of August 12, 2008, advising Smith to communicate directly with his attorney about the arguments and issues he wished to raise on appeal, did not discourage Smith from immediately writing another pro se letter to the court. Yet, from August 2008 to May 2010, Smith made no direct inquiry to the Court about the status of his appeal. He thus sat on his rights for more than a year and a half,

before communicating with the Court to determine if his appeal had been decided. Even after the Supreme Court of Virginia denied Smith's petition for rehearing on September 22, 2010, Smith waited another ten months before executing his federal petition on July 19, 2011. Smith offers no reason whatsoever for this delay. This sequence of events does not support a finding that Smith exercised reasonable diligence in pursuing his rights or that any extraordinary circumstance outside his own conduct prevented him from filing a timely state <u>habeas</u> petition or a timely § 2254 petition.

### III

In conclusion, the court will grant the motion to dismiss and dismiss the § 2254 petition upon finding that petitioner's claims are procedurally barred from review on the merits, that his claims are untimely filed under § 2244(d)(1)(A), and that he fails to demonstrate any ground for statutory or equitable tolling of the limitation period under this section. An appropriate order will issue this day.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). The court finds that petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right" and therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of

appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the petitioner and to counsel of record for the respondent.

ENTER: This 12th day of July, 2012.

                                                                                             Chief United States District Judge